Caldwell & Hays *v.* McFarland.

## CALDWELL & HAYS *v.* J. P. McFARLAND *et al.*

1. LIMITATIONS. *Seven years in favor of heirs.* The statute of limitations of seven years in favor of heirs and devisees, Code, sections 2786 and 2281, establishes positive prescriptions, and does not operate upon the remedy merely, but extinguishes the right, and is a conclusive bar, whether pleaded in form or not.

2. SAME. *Same. · Agreement construed.* An agreement by the devisees with the executors, executed more than seven years before suit brought, to pay *pro rata* any amount found to be necessary to satisfy the indebtedness of the estate, means merely that the devisees will hold the land received subject to their proportion of debts found due, by due course of administration, and does not waive any benefit of the statute, nor remove the bar from a suit brought by the executors more than seven years after administration granted, seeking to subject lands to payment of surplus over personal estate by them expended in satisfaction of the debts of the devisor.

3. LIFE TENANT. *Remainderman.* Taxes paid accruing during the life tenant, and funeral expenses of such tenant, cannot be charged on the remainder estate.

### FROM GIBSON.

Appeal from the Chancery Court at Trenton. JOHN SOMERS, Ch.

CALDWELL & CALDWELL and M. M. NEIL for complainants.

Caldwell & Hays *v.* McFarland.

L. W. JONES and SPL. HILL for defendants.

FREEMAN, J., delivered the opinion of the court.

In November, 1867, Mrs. Harriet Cowan died in Gibson county, leaving a will, which was duly proven at November term, 1867, of the county court, by which she gave to a son, Seth C. Cowan, a life estate only (on the facts shown to have occurred), in the property of which she died possessed. The legal title to this property was vested in J. W. Hays and L. M. Caldwell, two sons-in-law, who were to manage and control the property, so that the usufruct alone should go to the son for life, and after his death, he dying without children, it was to go to his next of kin. It is not contested that he took but a life estate in the equitable interest given under the will. In July after the probate of the will, the devisees being desirous to have the lands divided before the administration should be completed, or the estate settled, most of them signed, or had signed for them, the following agreement:

"We, the undersigned heirs at law of Mrs. Harriet A. Cowan, do hereby bind ourselves to abide by the division by allotment of the landed estate of said H. A. Cowan and the valuation as made by the commissioners; and further agree to pay in proportion to our part, to Caldwell & Hays, administrators, any amount found to be necessary to satisfy the indebtedness of the said estate, and hereby pledge our part or a certain portion of them, enough to pay and satisfy any and all claims that may prove just and correct against said estate."

Caldwell & Hays *v.* McFarland.

This was signed by several of the devisees, who were *sui juris*, by a *feme covert*, by her husband as attorney in fact, by another and her husband, and Caldwell & Hays, trustees for Seth C. Cowan, but was never registered, or acnowledged separately by the married women.

We need but say here of this instrument, that it gives no rights which could in any view affect the rights of McEwen, a creditor of J. T. Cowan, in any way, if in fact it affects materially the rights of any one in this case.

The facts are, that Seth C. Cowan died, perhaps in 1879, and this property went under the will to his heirs, his brothers and sisters, or their descendants. The house and lot in controversy in this case was allotted to said Seth C. Cowan. We ought to have stated that Caldwell & Hays had qualified as the representatives of the estate of Mrs. Harriet A. Cowan, and were settling up said estate when the above agreement was made.

A few days after the death of Seth C. Cowan, Caldwell & Hays, as administrator of Mrs. Harriet A. Cowan, filed their bill in the chancery court at Trenton, seeking to subject the house and lot, which went to the next of kin of Seth Cowan, to a large balance, or his proportion of it, claimed to be due them for moneys paid for the estate of Mrs. Cowan, over and above the assets received by them. Hays, in this bill, sought to be reimbursed, out of this lot, for taxes paid by him on the property during the life of Seth Cowan, the life tenant, and also for doctor's bills

and funeral expenses. This bill being filed nearly twelve years after administration, and about ten after the time when said estate should have been settled up.

The statute of limitation of seven years, in favor of heirs and devisees, was held by the chancellor to be a conclusive bar to this demand by the administrators, and in this he was correct. So far as this claim was against the estate of Mrs. Cowan, secs. 2786, 2281, Code, have always been held to establish positive prescriptions, and to extinguish the right, and not to operate solely on the remedy. In such cases, wherever insisted on, they make a conclusive bar, whether pleaded in form or not. See cases cited in note to T. & S. Code, vol. 2, sec. 2281; on last point, *Bomar* v. *Hagler*, 7 Lea, 89.

The informal and imperfect agreement referred to cannot change this result. It was executed only a few months after administration granted, and, fairly construed, could only mean that the parties signing it, would hold the land, received in the division of the estate of Mrs. Cowan, subject to their proportion of the debts found due, by due course of administration, in the same way they would have been liable if no such partition had been had. There is nothing in it which could be construed as waving any benefit of the statute of limitations or lapse of time.

As a matter of course, the life estate having terminated, the taxes paid accruing against the life tenant, nor funeral expenses of such tenant, could not be charged on the remainder estate. The chancellor decreed correctly on this branch of the case.

Caldwell & Hays *v.* McFarland.

Some of the parties did not answer in this case, and had orders *pro confesso* taken against them; others answer, however, and the case made in the record clearly removes all equity set up by Caldwell & Hayes, and all being tenants in common of the land, there being shown beyond doubt no existent right whatever in the bill of Caldwell & Hays, we think it a proper case for the application of the rule, that where two defendants are jointly interested or joint defendants answer and meet all the equities of a bill, and this is sustained by the proof, no decree should be rendered against those not answering: 8 Hum., 500; 2 Cold., 395; 10 Hum., 555. This rule may be subject to qualification, and not be of universal application, but we think in this case may be safely applied, when the debt claimed is clearly shown to be extinguished, and no right whatever of recovery in the complainants.

McEwen, who filed his bill as creditor of J. T. Cowan one of the heirs of Seth C. Cowan, was given priority according to the date of his proceeding, and in this the chancellor was correct.

The chancellor's decree was, on the whole, the proper decree to be made in the case, and is affirmed with costs.

A decree will be drawn affirming the same in accord with this opinion.